FILED
MARCH 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1371

JUDGE KENNELLY
MAGISTRATE JUDGE MASON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIA WHITE,

    Plaintiff,

v.

ANTHOLOGY, INC.,

    Defendant.

**Plaintiff Demands Trial by Jury**

## COMPLAINT AT LAW

Plaintiff, Julia White ("White"), by and through her attorneys, Caffarelli & Siegel Ltd., complains against Defendant Anthology, Inc. ("Anthology" or "Company") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Defendant's failure to reinstate and subsequent unlawful termination of Plaintiff, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendant Anthology's facility in Arlington Heights, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff, Julia White, is a resident of Illinois. She was employed by Anthology from on or about October 15, 1990 until her termination on or about January 2, 2008. Plaintiff

was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she was terminated. White is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Anthology employs more than 50 employees within 75 miles of her worksite.

5. Defendant Anthology is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce with a facility located in Arlington Heights, Illinois. Anthology was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. White began working for Anthology on or about October 15, 1990. At the time she was terminated, White was employed as the Human Resources Manager. Throughout her employment, White performed her job satisfactorily.

7. In the year prior to October 2007, White worked for Anthology on a full-time basis, and had worked more than 1,250 hours.

8. Anthology employs more than 100 employees at its Arlington Heights facility.

9. On or about September 27, 2007, White had quadruple bypass surgery.

10. White informed Anthology of her need for a leave of absence under the FMLA due to her quadruple bypass surgery.

11. White's request for FMLA leave was approved.

12. On or about December 2007, White informed Anthology that she would be ready to return to work from her approved twelve week FMLA leave on December 27, 2007.

13. On or about December 27, 2007, White inquired about the Company's plans to transition job duties that she had previously performed, and were temporarily performed by other employees during her FMLA leave, back to her.

14. Anthology refused to tell White its plans for transitioning her job duties back to her.

15. On or about December 27, 2007, White met with Cheryl Born ("Born"), Anthology's Controller, to discuss the fact that the Company refused to discuss its plans for transitioning her job duties back to her. White specifically questioned Born as to whether she was being terminated.

16. Born stated that there were no plans in place to eliminate White's position, and that White's salary was included in the Company's 2008 operating budget, which had recently been approved by Anthology's parent company, R.R. Donnelley & Sons Company.

17. Born also told White that her position was needed, and that she was glad White was ready to return from her FMLA leave.

18. On or about January 2, 2008, just five days after informing Anthology that she was ready to return from her FMLA leave and being reassured by Born that her position was not being eliminated, White was terminated.

19. The Company told White that her position was being eliminated because it determined during her FMLA leave that a full-time Human Resources Manager was not needed.

20. Anthology unlawfully refused to reinstate White to her former position or an equivalent position, and terminated White in violation of the FMLA.

**COUNT I – FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE**

21. Plaintiff incorporates paragraphs 1 through 20, as if fully incorporated herein.

22. By October of 2007, White had been continuously employed by Anthology for approximately seventeen years, and worked at least 1,250 hours during the twelve months immediately proceeding the date she was terminated.

23. White's quadruple bypass surgery constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2612. As a result, White was entitled to FMLA leave, which Anthology approved.

24. White was entitled to be reinstated to her former position or an equivalent position at the conclusion of her approved FMLA leave.

25. On or about December 27, 2007, informed the Company that she was prepared to return from her FMLA leave. However, Anthology refused to reinstate White to her former position or an equivalent position. Rather, on or about January 2, 2008, Anthology terminated White in violation of 29 U.S.C. § 2615.

26. As a direct and proximate result of said acts, White has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff White respectfully requests that this Court enter judgment in her favor and against Defendant Anthology by:

    A. Declaring that the acts and practices by Defendant Anthology as described herein constitute a violation of the FMLA;

    B. Enjoining and permanently restraining these violations of the FMLA;

    C. Awarding White back wages and lost benefits due to Defendant's violations of the FMLA;

    D. Directing Defendant Anthology to reinstate White to her previous position or, in the alternative, awarding White front pay;

    E. Awarding White liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    F.      Awarding reasonable attorneys' fees and costs incurred by White in connection with the instant action; and

    G.      Awarding White such further and additional relief as the Court may deem just and proper.

## COUNT II – FAMILY AND MEDICAL LEAVE ACT – FMLA RETALIATION

27.    Plaintiff incorporates paragraphs 1 through 26, as if fully incorporated herein.

28.    White's termination was in retaliation for having exercised her rights under the FMLA.

29.    The Company's stated rationale for terminating White is pretext for FMLA retaliation.

30.    But for having taken FMLA leave and exercising her rights, White would not have been terminated.

31.    White's termination constitutes retaliation for having taken FMLA leave for quadruple bypass surgery, in violation of the FMLA, 29 U.S.C. § 2615.

32.    As a direct and proximate result of said acts, White has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff White respectfully requests that this Court enter judgment in her favor and against Defendant Anthology by:

    A.      Declaring that the acts and practices by Defendant Anthology as described herein constitute a violation of the FMLA;

    B.      Enjoining and permanently restraining these violations of the FMLA;

    C.      Awarding White back wages and lost benefits due to Defendant's violations of the FMLA;

D. Directing Defendant Anthology to reinstate White to her previous position or, in the alternative, awarding White front pay;

E. Awarding White liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by White in connection with the instant action; and

G. Awarding White such further and additional relief as the Court may deem just and proper.

Dated: March 7, 2008

Respectfully submitted,

JULIA WHITE

By: _____
Attorney for Plaintiff

Alejandro Caffarelli, #06239078
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email info@caffarelli.com
Web www.caffarelli.com

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.

_____
One of Plaintiff's Attorneys

6