IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>ANTHOLOGY, INC.,<br><br>        Defendant. | No. 08 C 1371<br><br>Judge Kennelly<br><br>Magistrate Judge Mason |

## ANSWER TO COMPLAINT

Now comes Defendant, Anthology, Inc., and for its answer to the Complaint of Plaintiff, Julia White, states as follows:

**ALLEGATION NO. 1:**

This is an action for damages and injunctive relief caused by the Defendant's failure to reinstate and subsequent unlawful termination of Plaintiff, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

**ANSWER:**

Admitted that this action seeks damages and injunctive relief for Defendant's alleged violation of the FMLA. Defendant denies that it violated the FMLA in any respect and denies all remaining allegations.

## JURISDICTION AND VENUE

**ALLEGATION NO. 2:**

This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

**ANSWER:**

Admitted.

- 2 -

**ALLEGATION NO. 3:**

The unlawful employment practices described herein were committed within the State of Illinois, in Defendant Anthology's facility in Arlington Heights, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Admitted that Plaintiff was employed at Defendant's facility in Arlington Heights, Illinois and that venue in this District is proper. All remaining allegations are denied.

**ALLEGATION NO. 4:**

Plaintiff, Julia White, is a resident of Illinois. She was employed by Anthology from on or about October 15, 1990 until her termination on or about January 2, 2008. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she was terminated. White is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Anthology employs more than 50 employees within 75 miles of her worksite.

**ANSWER:**

Admitted that Plaintiff is a resident of Illinois, was employed by a corporate predecessor of Defendant on October 15, 1990 and was terminated on January 2, 2008. Further admitted that Plaintiff was an "employee" within the meaning of 29 U.S.C. §2611(2)(A) and an "eligible employee" within the meaning of 29 U.S.C. §2611(2)(B)(ii). All remaining allegations are denied.

**ALLEGATION NO. 5:**

Defendant Anthology is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce with a facility located in Arlington Heights, Illinois. Anthology was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

**ANSWER:**

Admitted.

- 2 -

- 3 -

## FACTUAL ALLEGATIONS

**ALLEGATION NO. 6:**

White began working for Anthology on or about October 15, 1990. At the time she was terminated, White was employed as the Human Resources Manager. Throughout her employment, White performed her job satisfactorily.

**ANSWER:**

Admitted that Plaintiff began working for a corporate predecessor of Defendant on October 15, 1990 and that at the time of her termination she was employed as Human Resources Manager. All remaining allegations are denied.

**ALLEGATION NO. 7:**

In the year prior to October 2007, White worked for Anthology on a full-time basis, and had worked more than 1,250 hours.

**ANSWER:**

Admitted.

**ALLEGATION NO. 8:**

Anthology employs more than 100 employees at its Arlington Heights facility.

**ANSWER:**

Denied.

**ALLEGATION NO. 9:**

On or about September 27, 2007, White had quadruple bypass surgery.

**ANSWER:**

Admitted.

**ALLEGATION NO. 10:**

White informed Anthology of her need for a leave of absence under the FMLA due to her quadruple bypass surgery.

**ANSWER:**

Admitted.

**ALLEGATION NO. 11:**

White's request for FMLA leave was approved.

**ANSWER:**

Admitted.

**ALLEGATION NO. 12:**

On or about December 2007, White informed Anthology that she would be ready to return to work from her approved twelve week FMLA leave on December 27, 2007.

**ANSWER:**

Admitted.

**ALLEGATION NO. 13:**

On or about December 27, 2007, White inquired about the Company's plans to transition job duties that she had previously performed, and were temporarily performed by other employees during her FMLA leave, back to her.

**ANSWER:**

Denied.

**ALLEGATION NO. 14:**

Anthology refused to tell White its plans for transitioning her job duties back to her.

**ANSWER:**

Denied.

**ALLEGATION NO. 15:**

On or about December 27, 2007, White met with Cheryl Born ("Born"), Anthology's Controller, to discuss the fact that the Company refused to discuss its plans for transitioning her job duties back to her. White specifically questioned Born as to whether she was being terminated.

**ANSWER:**

Admitted that Plaintiff spoke with Cheryl Born on December 27, 2007. All remaining allegations are denied.

**ALLEGATION NO. 16:**

Born stated that there were no plans in place to eliminate White's position, and that White's salary was included in the Company's 2008 operating budget, which had recently been approved by Anthology's parent company, R.R. Donnelley & Sons Company.

**ANSWER:**

Denied.

**ALLEGATION NO. 17:**

Born also told White that her position was needed, and that she was glad White was ready to return from her FMLA leave.

**ANSWER:**

Denied.

**ALLEGATION NO. 18:**

On or about January 2, 2008, just five days after informing Anthology that she was ready to return from her FMLA leave and being reassured by Born that her position was not being eliminated, White was terminated.

**ANSWER:**

Admitted that Plaintiff was terminated on January 2, 2008. All remaining allegations are denied.

**ALLEGATION NO. 19:**

The Company told White that her position was being eliminated because it determined during her FMLA leave that a full-time Human Resources Manager was not needed.

**ANSWER:**

Denied.

- 5 -

- 6 -

**ALLEGATION NO. 20:**

Anthology unlawfully refused to reinstate White to her former position or an equivalent position, and terminated White in violation of the FMLA.

**ANSWER:**

Denied.

## COUNT I

**ALLEGATION NO. 21:**

Plaintiff incorporates paragraphs 1 through 20, as if fully incorporated herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 to 20 as if fully set forth herein.

**ALLEGATION NO. 22:**

By October of 2007, White had been continuously employed by Anthology for approximately seventeen years, and worked at least 1,250 hours during the twelve months immediately proceeding the date she was terminated.

**ANSWER:**

Admitted.

**ALLEGATION NO. 23:**

White's quadruple bypass surgery constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2612. As a result, White was entitled to FMLA leave, which Anthology approved.

**ANSWER:**

Admitted.

**ALLEGATION NO. 24:**

White was entitled to be reinstated to her former position or an equivalent position at the conclusion of her approved FMLA leave.

**ANSWER:**

Denied.

**ALLEGATION NO. 25:**

On or about December 27, 2007, informed the Company that she was prepared to return from her FMLA leave. However, Anthology refused to reinstate White to her former position or an equivalent position. Rather, on or about January 2, 2008, Anthology terminated White in violation of 29 U.S.C. § 2615.

**ANSWER:**

Admitted that on December 27, 2007 Plaintiff informed Defendant that she was prepared to return from her FMLA leave and that she was terminated on January 2, 2008. All remaining allegations are denied.

**ALLEGATION NO. 26:**

As a direct and proximate result of said acts, White has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

**ANSWER:**

Denied.

## COUNT II

**ALLEGATION NO. 27:**

Plaintiff incorporates paragraphs 1 through 26, as if fully incorporated herein.

**ANSWER:**

Defendant incorporates by reference its answers to paragraphs 1 to 26 as if fully set forth herein.

**ALLEGATION NO. 28:**

White's termination was in retaliation for having exercised her rights under the FMLA.

**ANSWER:**

Denied.

**ALLEGATION NO. 29:**

The Company's stated rationale for terminating White is pretext for FMLA retaliation.

**ANSWER:**

Denied.

**ALLEGATION NO. 30:**

But for having taken FMLA leave and exercising her rights, White would not have been terminated.

**ANSWER:**

Denied.

**ALLEGATION NO. 31:**

White's termination constitutes retaliation for having taken FMLA leave for quadruple bypass surgery, in violation of the FMLA, 29 U.S.C. § 2615.

**ANSWER:**

Denied.

**ALLEGATION NO. 32:**

As a direct and proximate result of said acts, White has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

**ANSWER:**

Denied.

## AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendant, Anthology, Inc., prays that the Complaint of Plaintiff, Julia White, be dismissed and that it be awarded its costs and attorneys fees and such other relief as is just and proper.

- 9 -

        Respectfully submitted,

        ANTHOLOGY, INC.


        By:  s/ Michael G. Cleveland
                One of Its Attorneys

Michael G. Cleveland, Bar No. 00460915
Mark L. Stolzenburg
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500

Dated: April 10, 2008

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing ANSWER TO COMPLAINT to be served upon:

>Alejandro Caffarelli
>Bradley Manewith
>Caffarelli & Siegel, Ltd.
>Two Prudential Plaza
>180 North Stetson, Suite 3150
>Chicago, Illinois  60601

by electronic means on April 10, 2008.


>s/ Michael G. Cleveland
>
>Michael G. Cleveland