IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA WHITE,<br><br>       Plaintiff,<br><br>v.<br><br>ANTHOLOGY, INC.,<br><br>       Defendant. | No. 08 C 1371<br><br>Judge Kennelly<br>Magistrate Judge Mason |

## MOTION FOR ENTRY OF AN AGREED PROTECTIVE ORDER

Defendant Anthology, Inc. hereby moves this Court for entry of an Agreed Protective Order. In support of its motion, Defendant states as follows:

1. In discovery in this action, Plaintiff has requested: (1) salary or other confidential personal information regarding current and/or former employees of Defendant other than Plaintiff which, if disclosed, would unduly infringe upon the privacy interests of such individuals; and (2) budgeting or other information regarding Defendant's business operations which is proprietary in character or which, if known, might be advantageous to Defendant's competitors. Such two categories of information are referred to collectively herein as "Confidential Information".

2. There is good cause for entry of the attached Agreed Protective Order because it will greatly expedite the exchange of discovery material, while affording protection against the unwarranted disclosure of information that should remain confidential.

3. This motion is not being interposed for any purpose other than to protect from disclosure, through appropriate designation, information and/or documents which are confidential to the parties.

- 2 -

4.      Defendant wishes to protect the Confidential Information by subjecting it to a Protective Order.

5.      Accordingly, the parties have prepared an Agreed Protective Order which is attached to this Motion as Exhibit 1.  The Agreed Protective Order restricts the dissemination and disclosure of Confidential Information in furtherance of the legitimate confidentiality and privacy interests of present or former employees of Defendant who are not parties to this action and of the legitimate business interests of Defendant

WHEREFORE, Defendant Anthology, Inc. respectfully requests that this Court enter the attached Agreed Protective Order to protect the confidentiality of Confidential Information used or produced in this litigation.

>                                 Respectfully submitted,
>
>                                 ANTHOLOGY, INC.
>
>
>                                 By:  s/ Michael G. Cleveland
>                                         One of Its Attorneys

Michael G. Cleveland, Bar No. 00460915
Mark L. Stolzenburg
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated: June 4, 2008

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>ANTHOLOGY, INC.,<br><br>        Defendant. | No. 08 C 1371<br><br>Judge Kennelly<br><br>Magistrate Judge Mason |

## AGREED PROTECTIVE ORDER

The Court finds that Plaintiff in this action has requested in discovery and Defendant will be producing in response documents and other information regarding the following: (1) salary or other confidential personal information regarding current and/or former employees of Defendant other than Plaintiff which, if disclosed, would unduly infringe upon the privacy interests of such individuals; and (2) budgeting or other information regarding Defendant's business operations which is proprietary in character or which, if known, might be advantageous to Defendant's competitors. Such two categories of information are referred to collectively herein as "Confidential Information". Defendant and Plaintiff have agreed to restrict the dissemination and disclosure of Confidential Information in furtherance of such legitimate interests.

THEREFORE, IT IS HEREBY ORDERED:

      1.      This Protective Order shall be limited to Confidential Information as described above, but shall not limit the ability of the parties to seek a Protective Order for any other information at a later date.

      2.      Each person to whom Confidential Information is disclosed, including experts or

consultants retained by the parties, shall first be advised of the existence and the contents of this Protective Order and shall be bound by its terms. No party or person shall disclose any Confidential Information to any person except as set forth herein; provided, however, that nothing in this Protective Order shall limit or in any way restrict Defendant's use of or access to Confidential Information.

3. Nothing herein is intended to reflect the position of any party or the Court on the admissibility of any document. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial in this action. Neither party waives its right to use Confidential Information for purposes of prosecuting or defending this litigation.

4. Confidential Information shall be disclosed by Plaintiff, her counsel or persons acting on their behalf only to the following persons and only for the purposes of prosecuting and defending this litigation: (a) the Court, Court personnel, the jury empanelled to hear the case, and those who might be present in the courtroom during trial; (b) the attorneys of record in this action and persons employed in the attorneys' offices; (c) the parties to this action; (d) independent experts; (e) witnesses testifying during depositions and at trial; (f) the appellate court and appellate court personnel to the extent made a part of the record in the District Court and provided the provisions of this Order regarding redaction have been complied with; and (g) persons reasonably expected to offer testimony in this case at deposition or trial provided that, prior to the disclosure of Confidential Information to such persons, they: (A) first are provided a copy of this Order; (B) execute a written agreement agreeing to be bound by it (attached as Exhibit A); and (C) a copy of such written agreement is provided to counsel for Defendant via facsimile not later than contemporaneously with any disclosure of Confidential Information to them.

- 3 -

5.  Any Confidential Information filed in Court by either party shall be appropriately redacted to protect the Confidential Information.  No document containing Confidential Information may be filed under seal unless the party seeking to do so moves the Court for an order sealing that document prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case.  Any such motion shall include a brief description of each document the party seeks to file under seal, and the party should be prepared to present copies of each document to the court on the day of hearing.  If the Court has not previously approved its filing under seal, a document designated confidential pursuant to this Order, or any document containing information designated confidential pursuant to this Order, shall not be filed with the court except: (a) by court order, or (b) after a ruling by the Court that neither filing under seal nor any other designation as a restricted document is necessary.

6.  Either party, or an interested member of the public, can challenge the sealing of particular documents pursuant to this Order by filing a motion with the Court.

7.  Defendant shall mark Confidential Information "Confidential," provided, however, that the inadvertent failure to make such designation of documents covered by this Order shall not affect the applicability of this Order to such information.

8.  Within 30 days after final termination of this action whether by settlement, dismissal or other disposition, counsel for Plaintiff shall assemble and return all Confidential Information to Defendant's counsel or, at Defendant's option, certify in writing that such Confidential Information has been destroyed.  This Order shall be binding upon the parties, their attorneys and any other attorneys they may retain or consult in the future.

9.  Within 63 days after the final termination of this case, whether by way of district court order, disposition on appeal or other disposition, counsel for Defendant shall take all steps

- 4 -

necessary to withdraw all documents previously filed under seal. If counsel does not so withdraw such documents within 63 days of the final disposition of the case, including appeals, the clerk will return such documents to the attorney or party who filed them.

10. Should there be any dispute concerning the terms or application of this Order, counsel for the parties shall attempt to resolve such dispute themselves before seeking Court intervention.

11. Nothing in this Order shall prevent the parties from obtaining information from any publicly available source, provided that Plaintiff may not rely upon or utilize in any manner any Confidential Information in order to do so.

ENTERED

Dated: _____        _____
                                             Judge Matthew F. Kennelly

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA WHITE,<br><br>          Plaintiff,<br><br>v.<br><br>ANTHOLOGY, INC.,<br><br>          Defendant. | <br><br><br><br>No. 08 C 1371<br><br>Judge Kennelly<br><br>Magistrate Judge Mason |

## **ACKNOWLEDGMENT OF PARTIES' AGREED PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that he/she has received a copy of the Parties' Agreed Protective Order entered in this case, has read and understands such Order, and agrees to be bound by all of the Order's terms and conditions. I further acknowledge that I will not disseminate any of the information which I receive that is subject to that Agreed Protective Order to any person not authorized by that Order to have such information and further acknowledge that upon request I will return all Confidential Material to the person who provided it to me.

Dated:_____          _____
                                                                              Name

                                                                   _____
                                                                              Address

                                                                   _____
                                                                              City, State, Zip

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing MOTION FOR ENTRY OF AN AGREED PROTECTIVE ORDER to be served upon:

Alejandro Caffarelli
Bradley Manewith
Caffarelli & Siegel, Ltd.
Two Prudential Plaza
180 North Stetson, Suite 3150
Chicago, Illinois  60601

by electronic means on June 4, 2008.

    Michael G. Cleveland

    Michael G. Cleveland