IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIA WHITE,

    Plaintiff,

v.                                                               No. 08 C 1371

ANTHOLOGY, INC.,                          Judge Kennelly

    Defendant.

## AGREED PROTECTIVE ORDER

      The Court finds that Plaintiff in this action has requested in discovery and Defendant will be producing in response documents and other information regarding the following: (1) salary or other confidential personal information regarding current and/or former employees of Defendant other than Plaintiff which, if disclosed, would unduly infringe upon the privacy interests of such individuals; and (2) budgeting or other information regarding Defendant's business operations which is proprietary in character or which, if known, might be advantageous to Defendant's competitors. Such two categories of information are referred to collectively herein as "Confidential Information". Defendant and Plaintiff have agreed to restrict the dissemination and disclosure of Confidential Information in furtherance of such legitimate interests.

      THEREFORE, IT IS HEREBY ORDERED:

    1.      This Protective Order shall be limited to Confidential Information as described above, but shall not limit the ability of the parties to seek a Protective Order for any other information at a later date.

    2.      Each person to whom Confidential Information is disclosed, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this Protective Order and shall be bound by its terms. No party or person shall disclose any Confidential Information to any person except as set forth herein; provided, however, that nothing in this Protective Order shall limit or in any way restrict Defendant's use of or access to Confidential

CHICAGO/#1783430.3 6/11/8

Information.

3. Nothing herein is intended to reflect the position of any party or the Court on the admissibility of any document. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial in this action. Neither party waives its right to use Confidential Information for purposes of prosecuting or defending this litigation.

4. Confidential Information shall be disclosed by Plaintiff, her counsel or persons acting on their behalf only to the following persons and only for the purposes of prosecuting and defending this litigation: (a) the Court, Court personnel, the jury empanelled to hear the case, and those who might be present in the courtroom during trial; (b) the attorneys of record in this action and persons employed in the attorneys' offices; (c) the parties to this action; (d) independent experts; (e) witnesses testifying during depositions and at trial; (f) the appellate court and appellate court personnel to the extent made a part of the record in the District Court and provided the provisions of this Order regarding redaction have been complied with; and (g) persons reasonably expected to offer testimony in this case at deposition or trial provided that, prior to the disclosure of Confidential Information to such persons, they: (A) first are provided a copy of this Order; (B) execute a written agreement agreeing to be bound by it (attached as Exhibit A); and (C) a copy of such written agreement is provided to counsel for Defendant via facsimile not later than contemporaneously with any disclosure of Confidential Information to them.

5. Any Confidential Information filed in Court by either party shall be appropriately redacted to protect the Confidential Information. No document containing Confidential Information may be filed under seal unless the party seeking to do so moves the Court for an order sealing that document prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case. Any such motion shall include a brief description of each document the party seeks to file under seal, and the party should be prepared to present copies of each document to the court on the day of hearing. If the Court has not previously approved its filing under seal, a document designated confidential pursuant to this Order, or any document containing information

designated confidential pursuant to this Order, shall not be filed with the court except: (a) by court order, or (b) after a ruling by the Court that neither filing under seal nor any other designation as a restricted document is necessary. If the Court permits under-seal filing of part of a submission, a public-record version of the submission is to be filed contemporaneously with the sealed version and a copy of the complete, unredacted version of any such submission is to be submitted to chambers at the time of filing.

6.　　Either party, or an interested member of the public, can challenge the sealing of particular documents pursuant to this Order by filing a motion with the Court.

7.　　Defendant shall mark Confidential Information "Confidential," provided, however, that the inadvertent failure to make such designation of documents covered by this Order shall not affect the applicability of this Order to such information.

8.　　Within 30 days after final termination of this action whether by settlement, dismissal or other disposition, counsel for Plaintiff shall assemble and return all Confidential Information to Defendant's counsel or, at Defendant's option, certify in writing that such Confidential Information has been destroyed. This Order shall be binding upon the parties, their attorneys and any other attorneys they may retain or consult in the future.

9.　　Within 63 days after the final termination of this case, whether by way of district court order, disposition on appeal or other disposition, counsel for Defendant shall take all steps necessary to withdraw all documents previously filed under seal. If counsel does not so withdraw such documents within 63 days of the final disposition of the case, including appeals, the clerk will return such documents to the attorney or party who filed them.

10.　　Should there be any dispute concerning the terms or application of this Order, counsel for the parties shall attempt to resolve such dispute themselves before seeking Court intervention.

11.　　Nothing in this Order shall prevent the parties from obtaining information from any publicly available source, provided that Plaintiff may not rely upon or utilize in any manner any Confidential Information in order to do so.

ENTERED

Dated: June 11, 2008

*[signature]*

Judge Matthew F. Kennelly

CHICAGO/#1783430.3 6/11/8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIA WHITE,

    Plaintiff,

v.      No. 08 C 1371

ANTHOLOGY, INC.,      Judge Kennelly

    Defendant.      Magistrate Judge Mason

**ACKNOWLEDGMENT OF PARTIES' AGREED PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that he/she has received a copy of the Parties' Agreed Protective Order entered in this case, has read and understands such Order, and agrees to be bound by all of the Order's terms and conditions. I further acknowledge that I will not disseminate any of the information which I receive that is subject to that Agreed Protective Order to any person not authorized by that Order to have such information and further acknowledge that upon request I will return all Confidential Material to the person who provided it to me.

Dated:_____

_____
Name
_____
Address
_____
City, State, Zip

CHICAGO/#1783430.3 6/11/8