| | |
|---|---|
| JULIA WHITE, | |
| Plaintiff, | No. 08 C 1371 |
| v. | Judge Kennelly |
| ANTHOLOGY, INC., | Magistrate Judge Mason |
| Defendant. | |

**PLAINTIFF'S FED. R. CIV. P. 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF WHETHER DEFENDANT INTERFERED WITH HER FMLA RIGHTS BY FAILING TO REINSTATE HER TO HER POSITION OR AN EQUIVALENT POSITION**

Plaintiff Julia White ("White") now brings this Fed. R. Civ. P. 50(a) Motion for Judgment as a Matter of Law on the issue of whether Anthology interfered with her FMLA rights by failing to reinstate her to her position or an equivalent position. Under Rule 50(a), a court may grant judgment as a matter of law if it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on the question at issue. Here, there is no legally sufficient evidentiary basis from which the jury could find that Anthology met its duty to reinstate White to her position or an equivalent position.

Assuming arguendo that Anthology's decision to eliminate White's position was not connected to her FMLA leave, which it was, and that it did not have to reinstate her to her previous position, which it did – both issues that need not be resolved for purposes of ruling on the instant motion – the Company was not relieved of its duty to reinstate White under the FMLA. See Nocella v. Basement Experts of Am., 499 F. Supp 2d. 935, 941 (N.D. Ohio 2007). For example, in Nocella, 499 F. Supp 2d. at 941, defendants decided to eliminate plaintiff's

position during her FMLA leave. Nonetheless, they still instructed plaintiff to return to work after her FMLA leave period. Id. The plaintiff indeed returned for one week, just as in this case. Id. at 938-39. As such, the court determined that "[p]laintiff was neither fired nor laid off; her job title was merely eliminated, [and] [d]efendants were therefore never relieved of their duty to reinstate [p]laintiff to an equivalent position." Id. at 941.

In the instant matter, the evidence at trial is undisputed that Anthology did not decide an actual date for the elimination of White's position until November 2007 – during White's approved FMLA leave. Nevertheless, the Company still instructed her to return to work at the conclusion of her leave period. Specifically, it sent her a letter dated December 12, 2007, with instructions for returning to work. (See Pl. Ex. 1.) Thus, even if the Company did eliminate White's position, it still had a duty to reinstate her to an equivalent position. However, the evidence shows that the Company made no effort to find White an equivalent position, nor did it return her job duties to her when she returned. Rather, the evidence is undisputed that Defendant instructed White to return to work, and then ignored her until terminating her the following week. As such, there is no legally sufficient evidentiary basis from which the jury could infer that Anthology did not interfere with White's right to reinstatement.

WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment as a matter of law in her favor pursuant to Fed. R. Civ. P. 50(a) on the issue of whether Anthology interfered with her FMLA rights by failing to reinstate her to her position or to an equivalent one and to award any other relief it may deem just and proper.

Dated: September 10, 2009					Respectfully submitted,

Alejandro Caffarelli, #06239078				JULIA WHITE
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150				By: _/s/ Alejandro Caffarelli_____
Chicago, IL  60601					    Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's Fed. R. Civ. P. 50(a) Motion for Judgment as a Matter of Law on the Issue of Whether Anthology Interfered with her FMLA Rights by Failing to Reinstate Her to Her Position or to an Equivalent One, to be served upon the parties below via hand delivery on September 10, 2009.

Michael G. Cleveland
Mark L. Stolzenburg
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601

Courtesy copies delivered to Judge Kennelly on the same day via hand delivery.

    /s/ Alejandro Caffarelli
    Alejandro Caffarelli
    Caffarelli & Siegel Ltd.
    Two Prudential Plaza
    180 N. Stetson, Suite 3150
    Chicago, IL 60601